IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY RAGIN | ) | CASE NO. 4:10CV1993 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| JOHN SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Leroy Ragin, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Emergency Motion for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241 Also, before the Court is a Motion to Amend the Emergency Motion. (ECF 3).

In 1990, Petitioner was indicted and charged with "29 felony violations" in the United States District Court for the Western District of North Carolina. He subsequently pleaded guilty to two counts of the indictment and was sentenced on July 31, 1990 to a term of 336 months in prison, followed by 5 years of supervised release. Petitioner filed a Motion to Vacate his Sentence Pursuant to 28 U.S.C. § 2255 on November 25, 1990. In his Motion, he argued that he entered his guilty plea based on erroneous advice from counsel, who was ineffective. The district court dismissed Petitioner's § 2255 Motion after adopting the magistrate judge's Report and Recommendation on May 21, 1991. Petitioner appealed the dismissal to the Fourth Circuit Court of Appeals, which affirmed his conviction and sentence. At some later point, Petitioner filed another Motion to Vacate wherein he contended that because he was subjected to both criminal penalties and the civil forfeiture of his real property, his conviction violated the Double Jeopardy Clause. The district court

dismissed the Motion, and the Fourth Circuit affirmed that dismissal on appeal in an unpublished opinion. *See United States v. Ragin*, 1997 WL 14144 (4th Cir. Jan. 16, 1997). A third Motion to Vacate, Correct or Set Aside Sentence was filed by Petitioner on July 19, 1999 pursuant to 28 U.S.C. § 2255. In his third Motion, Petitioner asserted that the "government's failure to charge in Petitioner's indictment, or to otherwise give him notice of the three specific 21 U.S.C. violations required for a 21 U.S.C. § 848, which is the continuing criminal enterprise statute . . . rendered him actually, factually and legally innocent based upon error (i.e. abuse of discretion) of the court, in light of the Supreme Court of the United States['] decision in *Richardson v. United States*, 526 U.S. 813 (1999)." (Pet. at 10.) The district court dismissed the Motion after granting the Respondent's Motion for Summary Judgement on April 30, 2001. The Motion for Reconsideration Petitioner filed on May 17, 2001 was also dismissed by the district court on June 7, 2001. He requested leave to file a second or successive § 2255 on March 4, 2002, which the court of appeals denied on April 12, 2002. The Fourth Circuit Court of Appeals then affirmed the district court's decision. In 2006, he filed another § 2241 action in the Northern District of Ohio attacking the integrity of his guilty plea and that he was actually innocent. *Ragin v. Warden T.R. Sniezek*, Case No. 4:07CV2634. The court dismissed the Petition because he did not demonstrate that his remedy under 28 U.S.C. § 2255 was inadequate.

In the present case, Petitioner alleges that his sentence of 28 years is incorrect. He contends that he received a 10 year illegal sentence beyond the mandatory maximum for his conviction, and that he is actually innocent of the 28 year sentence.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposes a sentence, as distinct from the court with jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment

passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision, *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), or because the petitioner is procedurally barred from pursuing relief under § 2255,

*see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Petitioner asserts that he is actually innocent of the 28 year prison sentence. In order to establish actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). The petitioner is required to "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995); *Oguaju v. Eichenlaub,* 2008 WL 2998147 * 2 (E.D. Mich., Aug 1, 2008). Petitioner does not satisfy the criteria required to support actual innocense. His actual innocence claim is based on a legal argument that his sentence is incorrect.

Petitioner is challenging the imposition of his sentence, not the execution or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine,* 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *United States v. Jalili*, 925 F.2d 889, 893-94 6th Cir. 1991). He has not shown that a § 2255 Motion would have been inadequate or ineffective in a manner entitling him to file under § 2241. The present Petition constitutes his sixth post-conviction attempt.

4

Accordingly, the Motion to Amend the Emergency Motion is granted. This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: November 23, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.